RECEIPT # 59227
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

FILED
IN CLERKS OFFICE
2004 OCT 12 P 3: 37
U.S. DISTRICT COURT
DISTRICT OF MASS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GATX FINANCIAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SPRINGFIELD TERMINAL<br>RAILWAY CO., INC.,<br><br>Defendant. | )<br>)<br>)<br>) 04 12147 RWZ<br>) Civil Action No. _____<br>)<br>)<br>)<br>) MAGISTRATE JUDGE Alexander<br>)<br>)<br>) |

## COMPLAINT FOR DAMAGES AND OTHER RELIEF

Plaintiff GATX Financial Corporation ("GATX"), for their complaint against defendant Springfield Terminal Railway Co., Inc. ("STR"), states and alleges the following:

### INTRODUCTION

1. This is a lawsuit arising from STR's failure to pay car mileage allowances owed to GATX from STR's use of GATX's privately-owned railway tank cars.

2. Pursuant to the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. §§ 10101 et seq., and specifically Section 11704(c)(1), GATX brings this action to recover the full amount of overdue car mileage allowances that STR owes GATX, as well as other damages, costs and attorneys' fees incurred by GATX as a direct result of STR's failure to meet its payment obligations.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

4. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1); the amount in controversy exceeds $75,000 exclusive of interest and costs, and there is complete diversity of citizenship between GATX and STR.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because STR resides in this judicial district.

## PARTIES

6. GATX, a subsidiary of GATX Corporation, is a corporation organized and existing under the laws of the State of Delaware, with its principal executive offices located at 500 West Monroe Street, Chicago, Illinois 60661. Through its operating division, GATX Rail, GATX is engaged in the business of leasing rail cars of all types to customers in North America and Europe. In particular, GATX is known as the largest lessor in North America of tank cars, which are used in the transport of liquid and gaseous commodities.

7. STR, a subsidiary of Guilford Transportation Industries, Inc., is a corporation organized and existing under the laws of the State of Vermont, with its principal offices located at Iron Horse Park, North Billerica, Massachusetts 01862. STR is a "rail carrier," 49 U.S.C. § 10102, that provides freight services along rail lines throughout the Northeastern United States.

## BACKGROUND

### The ICCTA

8. STR, as a rail carrier, is subject to the ICCTA, which prescribes the government's authority over the railway freight service industry. STR is also subject to the rules and orders of the Surface Transportation Board ("STB") – the successor agency to the Interstate Commerce Commission ("ICC") – whose purpose is to implement the directives of the ICCTA.

9. Section 11121(a)(1) of the ICCTA requires rail carriers to provide "safe and adequate car service" while transporting the property of customers. However, because rail carriers may transport a wide-range of property, from agricultural commodities to combustible liquids and gases, carriers have found it impractical to invest the necessary capital to acquire a sufficient number of general-use or specialty freight cars (like tank cars) to meet their responsibility of safely transporting every conceivable type of property that may be transported by rail. Thus, rail carriers commonly lease freight cars from freight car providers or use freight cars their customers have leased from freight car providers. Under either leasing arrangement, rail carriers must pay the freight car providers their costs of owning the freight cars through a variety of means, including "car mileage allowances."

10. As detailed in Section 11122 of the ICCTA, the car mileage allowance is the rate of compensation a rail carrier, such as STR, must pay a freight car provider for the use of the provider's cars. Car mileage allowances are calculated on the basis of an array of criteria set forth in Section 11122, such as a provider's expense for owning and maintaining a particular type of freight car. Using the criteria of Section 11122, the STB sets national car mileage allowances for each type of freight car.

11. Freight Tariff 6007 specifies the compensation rates for the use of tank cars, as well as rules for the filing, processing and protest of car mileage allowances.

12. Freight Tariff 6007 arose from a 1986 ICC proceeding, Ex Parte No. 328, <u>Investigation of Tank Car Allowance System</u>, 3 I.C.C. 2d 196 (1986), where the ICC adopted a "National Tank Car Mileage Allowance System" to govern the administrative procedures applicable to car mileage allowances for tank cars nationwide. The national system was developed after three years of negotiations between rail carriers and tank car providers in the United States.

13. Among other things, Freight Tariff 6007 requires rail carriers, including STR, to calculate, record, and report to tank car providers the car mileage allowances the carriers' accrued by using the providers' tank cars, based on the actual routes of movement of the cars. Rail carriers are then obligated to timely pay their accrued car mileage allowances to the tank car providers.

**Pertinent Facts**

14. GATX leased tank cars to various customers, who later retained STR to transport their property. The customers made GATX's tank cars available to STR in order for STR to transport their property safely in accordance with Section 11121(a)(1) of the ICCTA. STR then used the tank cars owned by GATX to transport the customers' property along STR's Northeast rail lines during the relevant period of December 2002 through July 2004.

15. Pursuant to the ICCTA and Freight Tariff 6007, STR accrued car mileage allowances owed to GATX by using GATX's tank cars along STR's rail lines.

16.  As required by the ICCTA and Freight Tariff 6007, STR itself calculated and recorded the car mileage allowances it accrued in using GATX's tank cars, and then reported those amounts to GATX. As detailed in the attached "Appendix A," STR's own reports indicate that it owes GATX $391,518.14 in car mileage allowances accrued during the period December 2002 through July 2004.

17.  On April 29, 2004, GATX sent STR a letter demanding compensation for unpaid car mileage allowances totaling $312,475.66 for the 15-month period of December 2002 through February 2004. STR did not respond to that letter. Nor did STR make any payment of the car mileage allowances due and owing for the period December 2002 through February 2004.

18.  On August 10, 2004, GATX, this time through counsel, sent a second letter to STR demanding compensation for the unpaid car mileage allowances now totaling $369,703.05 for the 18-month period of December 2002 through May 2004. Again, STR did not respond to GATX's letter. Nor did STR make any payment of the car mileage allowances due and owing for the period December 2002 through May 2004.

19.  Despite GATX's best efforts to seek a non-judicial resolution to this matter, STR continues to knowingly disregard its obligations under the ICCTA and Freight Tariff 6007 by steadfastly refusing to pay the car mileage allowances it owes GATX. For the period of December 2002 through July 2004, STR now owes GATX $391,518.14.

## COUNT I

### VIOLATION OF THE INTERSTATE COMMERCE COMMISSION TERMINATION ACT
### (49 U.S.C. § 11704(b))

20. The allegations of numbered paragraphs 1-19 are realleged and incorporated by reference herein.

21. Under the ICCTA, Freight Tariff 6007, and the other rules and orders of the STB, rail carriers must compensate freight car providers, including tank car providers, for use of the providers' cars in an amount determined in accordance with the applicable car mileage allowances.

22. Pursuant to Freight Tariff 6007, STR itself calculated, recorded, and reported to GATX the $391,518.14 of car mileage allowances that it accrued in using GATX's tank cars from December 2002 through July 2004.

23. STR has knowingly disregarded its obligations under the ICCTA and Freight Tariff 6007 by its refusing to pay the $391,518.14 in car mileage allowances it owes GATX.

24. Because of its non-payment in violation of the applicable law and agency rules and orders, STR is liable for GATX's resulting damages pursuant to Section 11704(b) of the ICCTA.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the following relief:

A. An order awarding GATX damages in the amount of $391,518.14 as a result of STR's refusal to pay the outstanding car mileage allowances it owes to GATX, as well as applicable pre- and post-judgment interest;

B. An order awarding GATX all reasonable attorneys' fees pursuant to 49 U.S.C. § 11704(d)(3) of the ICCTA; and

C. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff GATX Financial Corporation hereby demands a jury trial on all claims so triable.

Respectfully submitted,

HOLLAND & KNIGHT, LLP

By: _____
Paul G. Lannon, Jr. (BBO#563404)
Holland & Knight, LLP
10 St. James Ave.
Boston, MA 02116
(617) 523-2700

OF COUNSEL:

Sten A. Jensen
J. Raymond Reduque
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
Phone: (202) 637-6465
Fax: (202) 637-5910

Bronna Wasserman
Associate General Counsel
GATX CORPORATION
500 West Monroe Street
Chicago, IL 60661
Phone: (312) 621-6588
Fax: (312) 621-6647

Attorneys for Plaintiff GATX Financial Corporation

I hereby certify under the pains and penalties of perjury that this document was served upon counsel for all parties in this case on 10/12/04 by hand/by mail.

_____

Dated: October __, 2004

# 2307174_v2

\\\DC - 56011/0014 - 2004582 v1                    7

**ST - SPRINGFIELD TERMINAL**
**UNPAID MILEAGE REPORTS**
**AS OF SEPTEMBER 30, 2004**

| MILEAGE REPORT MONTH | MILEAGE REPORT YEAR | $ AMOUNT | AMOUNT PAID | COMMENTS |
|---|---|---|---|---|
| OCTOBER | 2002 | | $ 26,695.75 | PD.IN AUG. 2003 |
| NOVEMBER | 2002 | | $ 31,169.21 | PD.IN AUG. 2003 |
| DECEMBER | 2002 | $ 23,051.66 | | |
| JANUARY | 2003 | $ 34,408.80 | | |
| FEBRUARY | 2003 | $ 23,128.09 | | |
| MARCH | 2003 | $ 28,752.81 | | |
| APRIL | 2003 | $ 25,466.39 | | |
| MAY | 2003 | $ 23,561.49 | | |
| JUNE | 2003 | $ 18,286.59 | | |
| JULY | 2003 | $ 16,224.54 | | |
| AUGUST | 2003 | $ 16,702.09 | | |
| SEPTEMBER | 2003 | $ 14,213.37 | | |
| OCTOBER | 2003 | $ 15,456.23 | | |
| NOVEMBER | 2003 | $ 17,230.62 | | |
| DECEMBER | 2003 | $ 22,275.74 | | |
| JANUARY | 2004 | $ 19,412.41 | | |
| FEBRUARY | 2004 | $ 14,304.83 | | |
| MARCH | 2004 | $ 22,386.49 | | |
| APRIL | 2004 | $ 18,220.12 | | |
| MAY | 2004 | $ 16,620.78 | | |
| JUNE | 2004 | $ 11,203.80 | | |
| JULY | 2004 | $ 10,611.29 | $ 391,518.14 | |